**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| HELEN ALVAREZ-LEYVA | CIVIL ACTION NO. 26-1239 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| MICHA NEAL, ET AL. | MAGISTRATE JUDGE McCLUSKY |

## JUDGMENT

The petitioner, Helen Alvarez-Leyva ("Petitioner"), sought a writ of habeas corpus based on an alleged violation of the Fifth Amendment's Due Process Clause. Record Document 1 at 10-11. Petitioner, a detained Cuban citizen, argued that the Due Process Clause entitled her to a bond hearing, even though she was in the United States unlawfully. *See id.* at 13. The Magistrate Judge recommended that the habeas petition be granted and that Petitioner be released. Record Document 9. After considering that recommendation, the undersigned declined to adopt it and stayed this case until the United States Court of Appeals for the Fifth Circuit decided *Sosnava Rodriguez v. Miguel Vergara*. Record Document 12.

The Fifth Circuit recently issued its mandate in *Sosnava* and held that detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) does not violate the Fifth Amendment's Due Process Clause. *Sosnava Rodriguez v. Miguel Vergara*, No. 26-50183, slip op. at 9 (5th Cir. Oct. 23, 2026)(en banc). Reasoning that unlawful aliens "may not assert a right to further process governing their admission beyond what Congress has provided in § 1225(b)(2)(A), the Fifth Circuit concluded: "The

Constitution does not entitle them to a bond hearing." *Id.* at 14. It found the same whether construed as a theory of procedural or substantive due process. *Id.* at 19, 27.

Here too, the Petitioner is subject to mandatory detention as an unlawful alien seeking admission under § 1225(b)(2). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Considering the Fifth Circuit's mandate in *Sosnava*, Petitioner's arguments that her detention without an individual bond hearing violated the Fifth Amendment's Due Process Clause fail. Record Document 12. The Court holds, therefore, that Petitioner is not entitled to habeas relief.

Considering the foregoing,

**IT IS ORDERED** that the previously issued stay, Record Document 12, is **LIFTED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus, Record Document 1, is **DENIED**.

**DONE AND SIGNED** at Shreveport, Louisiana, this 23rd day of October, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE